JOSEPH F. SULLIVAN *vs.* DOMENIC A. CARUSO.

DECEMBER 16, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is an action of trespass on the case for negligence. The trial in the superior court resulted in a verdict for the plaintiff. Thereafter defendant moved for a new

trial, which was denied by the trial justice. The case is here on the defendant's bill of exceptions.

At the hearing before us the defendant briefed and argued only two of his exceptions, one to the denial of his motion for a directed verdict and the other to the denial of his motion for a new trial. We shall consider only these exceptions as those not briefed and argued are deemed to be waived. *Winslow* v. *Einhorn,* 62 R. I. 1.

The cause of action arose out of the collision of two automobiles at the intersection of Division and Mary streets in the city of Newport. The only witnesses to the accident were the plaintiff and defendant and their testimony as to how it occurred was substantially conflicting. There were no unusual features of the accident. It was the common type of automobile collisions at street intersections except that on Division street, on which defendant was operating his automobile, there was a stop sign warning traffic to come to a full stop before crossing Mary street. There was evidence from which the jury could reasonably have inferred that the defendant did not obey this warning as he was required to do by general laws 1938, chapter 80, § 4. There was also a conflict in the evidence as to the particular place within the intersection where the two automobiles came together.

Viewing the evidence most favorably to the plaintiff, as is required on the consideration of defendant's motion for a directed verdict, we are of the opinion that the trial justice did not err in denying such motion. A motion for a directed verdict should be denied if on any reasonable view of the evidence the jury could properly find for the party adverse to the motion. *Silvia* v. *Caizzi,* 63 R. I. 172. Defendant's exception to the denial of his motion for a directed verdict is therefore overruled.

The trial justice in denying defendant's motion for a new trial definitely expressed his approval of the jury's verdict in such a manner as to clearly indicate to us that he exercised his independent judgment on the evidence. Under such circumstances his decision will not be disturbed unless it is

clearly wrong. *Duffy* v. *United Electric Rys. Co.*, 56 R. I. 450. We have carefully read the transcript in the light of the defendant's argument that the evidence preponderates against the verdict and we are unable to say that the decision of the trial justice denying a new trial is clearly wrong. Defendant's exception to such denial is therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Cornelius C. Moore*, for plaintiff.

*Lisker, Sullivan & Lisker*, for defendant.